U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUL 28 2000

ROBERT H. SHEMWELL, CLERK
BY DEPUTY

Ck # 2986
$ 470.00 McKernan Law Firm

PARTY # P1
CCA
M
58
51536

| | |
|---|---|
| **JIMMY STANLEY AND NITA STANLEY, individually and on behalf of their minor child, JOSHUA STANLEY** | **NUMBER:** 99-2578 **DIV.**____ |
| | 2:00cv 721 |
| **VERSUS** | **14TH JUDICIAL DISTRICT COURT** |
| **CONOCO, INC., VISTA CHEMICAL COMPANY, ALLWASTE ENVIRONMENTAL SERVICES OF LOUISIANA, INC., PROFESSIONAL INDUSTRIAL MAINTENANCE, a Limited Liability Company and its Members who are JAMES RAY DUPLECHAIN, individually DON SPANO, JR., individually, and CURTIS MOREHEAD, individually, R. W. EQUIPMENT COMPANY, INC., and I.E. DUPONT de NEMOURS** | **PARISH OF CALCASIEU**<br>FILED 4-1-99<br>Joan Vidrine<br>Deputy Clerk of Court<br>Calcasieu Parish, Louisiana<br>**STATE OF LOUISIANA** |

****************************************************************************************************

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **JIMMY STANLEY** and **NITA STANLEY**, individually and on behalf of their minor child, **JOSHUA STANLEY,** persons of the full age of majority and residents of Parish of Calcasieu, State of Louisiana, with respect represent and aver as follows:

1.

Made defendants herein are:

A. **CONOCO, INC.**, (hereinafter sometimes referred to as "**CONOCO**"), a foreign corporation, authorized to do and doing business in the State of Louisiana, that may be served through its agent for service of process, C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana;

B. **CONDEA VISTA COMPANY**, (hereinafter sometimes referred to as "**VISTA**"), formerly known as Vista Chemical Company, a foreign corporation, authorized to do and doing business in the State of Louisiana, that may be served through its agent for service of process, C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana;

C. **ALLWASTE ENVRIONMENTAL SERVICES OF LOUISIANA, INC.**, (hereinafter sometimes referred to as "**ALLWASTE**"), a domestic corporation, incorporated in the State of Louisiana and doing business in Louisiana, that may be served through its agent for service of process, C.T. Corporation System, 8550 United Plaza Blvd., Baton Rouge, Louisiana;

D. **PROFESSIONAL INDUSTRIAL MAINTENANCE**, a Louisiana Limited Liability Company (sometimes hereinafter referred to as "**P.I.M.**") that may be served through its agent for service of process, C. Eston Singletary, 1114 Ryan Street, Lake Charles, Louisiana;

(6)

PROCESSED
DATE 4-5-99

E. **JAMES ROY DUPLECHAIN**, a person of full age of majority in Calcasieu Parish, Louisiana (and a member of defendant, **P.I.M.**), who may be served at 927 South Tamela Drive, Lake Charles, Louisiana;

F. **DON SPANO, JR.**, a resident of the full age of majority in Calcasieu Parish (and a member of defendant, **P.I.M.**), who may be served at 5013 Camp Street, Lake Charles, Louisiana;

G. **CURTIS MOREHEAD**, a resident of the full age of majority in Calcasieu Parish (and a member of defendant, **P.I.M.**), who may be served at 4504 Evergreen Street, Westlake, Louisiana;

H. **R. W. EQUIPMENT COMPANY, INC.**, (hereinafter sometimes referred to as "**R & W**"), a domestic corporation, incorporated in the State of Louisiana and doing business in Louisiana, that may be served through its agent for service of process, R. William Colling, 3434 Common Street, Lake Charles, Louisiana; and

I. **I.E. DUPONT de NEMOURS and COMPANY**, (hereinafter sometimes referred to as "**DUPONT**"), a Delaware corporation authorized to do and doing business in the State of Louisiana, and that may be served through its agent for service of process, C.T. Corporation, 8550 United Plaza, Baton Rouge, Louisiana 70809.

2.

The defendants are justly and truly indebted unto the plaintiffs in an amount reasonable in the premises, together with legal interest from the date of judicial demand until paid, and for all costs of these proceedings for the following reasons:

3.

At all pertinent times hereto, defendants, **CONOCO** and **VISTA** were and are corporations engaged in the business of petrochemical production, storage, transportation, sales, handling and/or marketing these petrochemical products. In connection with this business, these corporate entities owned, operated, managed, maintained and/or controlled facilities in Parish of Calcasieu, State of Louisiana wherein ethylene dichloride (sometimes hereafter referred to as "EDC") and/or ethylene dichloride containing substances or materials and/or other hazardous or toxic chemicals or materials were produced, stored, marketed, sold, transported and/or handled.

4.

Through a pipeline going from the **CONOCO** docks to **VISTA CHEMICAL COMPANY**, EDC was transported. The pipeline was decades old, dating approximately to the 1940's. Upon information and belief, since at least 1993, the

pipeline began leaking EDC. As a result, EDC was leaked into the soil, water, and atmosphere.

5.

Through recklessness and carelessness, **CONOCO** and **VISTA** allowed the pipeline to leak and continually emit EDC without detection for several years. In addition, through recklessness and carelessness, **CONOCO** and/or **VISTA** did not discover the leak of EDC until sometime in late March, 1994. By this time, millions of pounds of EDC had escaped into the atmosphere, soil, and water in Calcasieu Parish.

6.

This EDC was spilled through the wanton and reckless disregard for public safety in the handling of hazardous and/or toxic materials by both **CONOCO** and **VISTA**.

7.

Although **VISTA** and **CONOCO** were aware that the pipeline dated back into the 1940's and was in need of repair and/or replacement with an above ground pipeline, both parties failed to take action to repair or replace it. To the contrary, based on recklessness and concentration on economic factors, no repair or replacement was performed and the outdated underground pipeline which was in need of repair and/or replacement and/or repair ruptured and leaked EDC.

8.

Upon information and belief, it is believed that in 1993 and 1994, prior to the actual discovery of the ruptured pipeline, **VISTA** and/or **CONOCO** were alerted of the presence of excess levels of EDC in the water, ground, and air at the **CONOCO** docks. Yet, it is believed that despite the foregoing knowledge, **VISTA** and **CONOCO** both allowed the pipeline to leak in 1993 and 1994 until approximately late March, 1994 when **CONOCO** said it first learned that the pipeline was leaking. During this time, millions of pounds of EDC was spilled into the water, ground and air.

9.

Instead of immediately reacting and recognizing the magnitude of the spill, **CONOCO** and **VISTA** continually took positions of downplaying and minimizing the extent and magnitude of the spill, thus failing to apprise its workers, other workers, and the community of the extent of the spill. It is believed that **CONOCO** and **VISTA** reported false amounts concerning the extent of the spill to state and governmental agencies and to the community. Thus, by the time workers such as the plaintiff, **JIMMY STANLEY** came to work, there were millions of pounds of EDC in the water, ground, and air at the **CONOCO** docks, which was unbeknown to the public and workers such as petitioner, **JIMMY STANLEY**.

10.

On or about October through December, 1995, plaintiff, **JIMMY STANLEY** while in the course and scope of his employment with International Maintenance Corporation ("IMC"), was assisting in a massive EDC cleanup operation being conducted by defendants, **CONOCO, VISTA, ALLWASTE, P.I.M., R & W, and DUPONT** on property owned by defendant, **CONOCO**. The property was located at the **CONOCO** dock facility in Calcasieu Parish, Louisiana. During this massive clean up, the plaintiff, **JIMMY STANLEY** was exposed to toxic EDC liquid, fumes and/or vapors.

11.

Although **CONOCO** regularly handled hazardous materials, **CONOCO** was not equipped or experienced in the clean up of a spill of this magnitude. Rather than hiring competent contractors and/or personnel who were experienced in the clean up of the spill, **CONOCO** attempted to clean up the spill on its own. It is believed that some of the motivations behind **CONOCO** wanting to clean it up themselves was cost and keeping the magnitude of the spill from the public.

12.

Upon information and belief, at the time of the spill and its clean up, **DUPONT** was the parent company of **CONOCO. DUPONT** sent its employees, representatives and supervisors to the **CONOCO** site to coordinate, consult and supervise the clean up operation and take numerous samples of the area.

**DUPONT** lacked the expertise and knowledge of how to coordinate, properly supervise and conduct such an enormous clean up. Also, **DUPONT** negligently failed to warn other companies and its workers of the elevated levels of EDC to which it had knowledge.

13.

Upon information and belief, **CONOCO** hired **P.I.M., ALLWASTE** and **R & W** to participate in the clean up efforts. Said companies operated heavy machinery, presses, vacuum trucks and other equipment in the clean up, all which contributed to the spread of the EDC. As a result of these companies negligently and recklessly helping to perpetuate the spreading of the EDC, workers were further exposed to EDC unnecessarily.

14.

The clean up of the EDC spill was not part of **CONOCO**'s trade business or occupation, and **CONOCO** is not entitled to any defense of workers' compensation or statutory employment. To the contrary, the work on the clean up spill was not routine and customary. **CONOCO** did not have the equipment or personnel who were capable of performing this work. **CONOCO** was specifically not in the business of engaging in and coordinating the clean up of chemical spills such as this one. The clean up in this case required specialization. It is specifically plead that the EDC clean up in which the petitioner was injured was not part of the trade, business, or occupation of **CONOCO** and all the factors which are weighed in making such a decision weigh in the favor of the work not being part of **CONOCO**'s trade, business, or occupation and are specifically incorporated herein.

15.

As a result of plaintiff's exposure to said toxic and/or hazardous chemicals or substances, plaintiff has suffered one or more severe and disabling injuries and illnesses including but not limited to, pulmonary and/or respiratory disorders, digestive system disorders, neurological deficit and/or brain damage, liver and/or other internal organ damage, sinus disorders, headaches, blurred vision, memory loss, insomnia with sleep apnea and other sleep disorders, chest pain and tightness, anxiety and depression, sore throats, skin rashes and/or disorders, eye

irritation, kidney disorders, nausea, chronic fatigue syndrome, blood in urine and/or stool, diarrhea, dizziness, justifiable fear, and fear of cancer and/or disease.

16.

As a result of the injuries or illnesses suffered by plaintiff, **JIMMY STANLEY** resulting from his exposure to EDC and/or other toxic and/or hydrochloride chemicals or substances, plaintiff has suffered and continues to suffer the following damages:

A. Physical pain and suffering – past, present and future;

B. Emotional/mental pain, suffering and distress – past, present and future;

C. Loss of enjoyment of life – past, present and future;

D. Loss of income and/or impairment of earning capacity – past, present and future;

E. Medical expenses – past, present and future;

F. Disability- past, present and future;

G. Scarring;

H. Medical Monitoring; and

I. Any and all other damages to be proven at the trial of this matter.

17.

As a direct and proximate result of the defendants' actions, plaintiff, **JIMMY STANLEY** was caused to suffer exposures resulting in severe, debilitating, and significant injuries and damages. As a result of such exposures, the plaintiff is at a substantial increased risk of developing severe, debilitating, and incurable diseases to include, but are not limited to, cancer and nervous system disorders. These diseases will result in debilitating and excruciating pain, and possible death. These diseases are not readily discoverable by the plaintiff without adequate medical monitoring and screening. The early detection of these potentially malignant conditions is essentially the only chance the plaintiff has of surviving these potentially malignant and debilitating diseases.

18.

As a result of the injuries and/or illnesses suffered by the plaintiff, **JIMMY STANLEY** resulting from his exposure to EDC and/or other toxic chemicals, his spouse, **NITA STANLEY** and child, **JOSHUA STANLEY** have suffered losses of consortium.

19.

Defendant, **CONOCO, INC.** was negligent and/or grossly negligent within the meaning of Louisiana Civil Code Article 2315 in the following particulars:

A. Failing to store, handle or transport EDC and/or other toxic or hazardous chemicals or substances in a reasonable and prudent manner;

B. Maintaining defective and/or inadequate storage, handling or transportation facilities which contain EDC and/or other toxic or hazardous chemicals or materials;

C. Failing to adequately monitor or test its invitees, and the plaintiff in particular, for exposure to EDC while on defendants' premises;

D. Failing to adequately monitor or measure EDC levels at or near its facilities;

E. Failing to warn its invitees and the plaintiff in particular of the extreme hazards associated with exposure to EDC and/or other toxic or hazardous chemicals or substances found at its facilities;

F. Failing to provide adequate protective clothing and/or gear to its invitees at or near its facility for use of invitees to the facility;

G. Violating OSHA standards and/or other State or Federal regulations applicable to the storage, transportation, handling and cleanup of EDC or other toxic or hazardous chemicals and/or substances;

H. Allowing vast amounts of EDC to spill, leak or be discharged into the environment, thereby contaminating the ground, ground water, surface waters and ambient air over a large area in which the plaintiff worked;

I. Failing to provide the plaintiff with adequate industrial hygiene controls;

J. Failing to reasonably apprise petitioners of the nature and extent of their exposure to EDC;

K. Failing to provide the plaintiff with reasonable respiratory protection and other protective equipment to ensure safe exposure;

L. Failing to provide the plaintiff with reasonable personnel monitoring, medical monitoring, and area monitoring;

M. Failing to provide competent persons to train, monitor, warn, or otherwise supervise the plaintiff in their day to day activities in the course of cleanup of the spill;

N. Failing to provide the proper resources, equipment, and manpower needed to cleanup a spill of this magnitude resulting in the plaintiff having to work unreasonable hours and being unreasonably exposed to EDC and depriving the plaintiff of needed help in the form of equipment and manpower;

O. Failing to ensure that those persons participating in the EDC cleanup were competent and had expertise in said cleanup;

P. Failing to ensure that the pipeline carrying the EDC was properly repaired and/or maintained;

Q. Failing to monitor the amount of EDC that was transported through the pipeline and received by **VISTA** to ensure that there were no leaks;

R. Failing to alert the plaintiff, the public, and other persons as to the true magnitude of the spill;

S. Allowing clean up operations to occur while knowing that dangerous conditions existed;

T. Failing to properly monitor, supervise and conduct the clean up;

U. Allowing clean up operations to occur while knowing that dangerous conditions existed; and

V. Other acts of negligence and/or gross negligence which may be discovered prior to, and proven at, trial of this matter.

20.

Defendant, **CONDEA VISTA COMPANY**, (formerly known as Vista Chemical Company) was negligent and/or grossly negligent within the meaning of Louisiana Civil Code Article 2315 in the following particulars:

A. Failing to store, handle or transport EDC and/or other toxic or hazardous chemicals or substances in a reasonable and prudent manner;

B. Maintaining defective and/or inadequate storage, handling or transportation facilities which contain EDC and/or other toxic or hazardous chemicals or materials;

C. Failing to monitor or test its invitees, and the plaintiff in particular, for exposure to EDC while on defendants' premises;

D. Failing to monitor or measure EDC levels at or near its facilities;

E. Failing to warn its invitees and the plaintiff in particular of the extreme hazards associated with exposure to EDC and/or other toxic or hazardous chemicals or substances found at its facilities;

F. Failing to provide adequate protective clothing and/or gear to its invitees at or near its facility for use of invitees to the facility;

G. Violating OSHA standards and/or other State or Federal regulations applicable to the storage, transportation, handling and cleanup of EDC or other toxic or hazardous chemicals and/or substances;

H. Allowing vast amounts of pounds of EDC to spill, leak or be discharged into the environment, thereby contaminating the ground, ground water, surface waters and ambient air over a large area in which the plaintiff worked;

J. Failing to provide the plaintiff with adequate industrial hygiene controls;

K. Failing to reasonably apprise petitioners of the nature and extent of their exposure to EDC;

L. Failing to provide the plaintiff with reasonable respiratory protection and other protective equipment to ensure safe exposure;

M. Failing to provide the plaintiff with reasonable personnel monitoring, medical monitoring, and area monitoring;

N. Failing to provide competent persons to train, monitor, warn, or otherwise supervise the plaintiff in their day to day activities in the course of cleanup of the spill;

O. Failing to provide the proper resources, equipment, and manpower needed to cleanup a spill of this magnitude resulting in the plaintiff having to work unreasonable hours and being unreasonably exposed to EDC and depriving the plaintiff of needed help in the form of equipment and manpower;

P. Failing to ensure that those persons participating in the EDC cleanup were competent and had expertise in said cleanup;

Q. Failing to ensure that the pipeline carrying the EDC was properly repaired and/or maintained;

R. Failing to monitor the amount of EDC that was transported through the pipeline and received by **VISTA** to ensure that there were no leaks;

S. Failing to alert the plaintiffs, the public, and other persons as to the true magnitude of the spill;

T. Failing to properly supervisor and/or train plaintiff in their respective clean up duties; and

U. Failing to properly monitor, supervise and conduct the clean up;

V. Allowing clean up operations to occur while knowing that dangerous conditions existed; and

W. Other acts of negligence and/or gross negligence which may be discovered prior to, and proven at, trial of this matter.

21.

Defendant, **ALLWASTE**, was negligent and/or grossly negligent within the meaning of Louisiana Civil Code Article 2315 in the following particulars:

A. Failing to store, handle, transport or cleanup EDC and/or other toxic or hazardous chemicals or materials in a reasonable and prudent manner;

B. Maintaining defective and/or inadequate storage, handling or transportation facilities which contained EDC and/or other toxic or hazardous chemicals and materials;

C. Failing to warn the plaintiff of the health hazards of EDC and/or other toxic or hazardous chemicals, materials and the plaintiff's work place;

D. Violating OSHA and DEQ regulations and/or other applicable State and Federal rules or regulations;

E. Failing to provide the plaintiff with adequate protective equipment or gear for use at or near the EDC cleanup operations;

F. Failing to ensure that the plaintiff was provided with reasonable monitoring;

G. Failing to provide the plaintiff with reasonable engineering controls;

H. Failing to apprise the plaintiff of the nature and extent of their exposure to EDC;

I. Failing to provide the plaintiff with reasonable respiratory protection and other protective equipment to ensure safe exposure;

J. Failing to properly instruct and supervise the plaintiff concerning their exposure to EDC and cleanup of the chemical spill;

K. Failing to contain harmful and/or toxic fumes or vapors during the cleanup operation;

L. Failing to properly supervisor and/or train employees in their respective clean up duties;

M. Attempting to clean a spill of this magnitude without the proper equipment, expertise, and/or knowledge;

N. Negligently contributing to the spread of the EDC; and

O. Other acts of negligence or gross negligence which may be proven at trial on the merits.

22.

Defendant, **R & W**, was negligent and/or grossly negligent within the meaning of Louisiana Civil Code Article 2315 in the following particulars:

A. Failing to store, handle, transport or cleanup EDC and/or other toxic or hazardous chemicals or materials in a reasonable and prudent manner;

B. Maintaining defective and/or inadequate storage, handling or transportation facilities which contained EDC and/or other toxic or hazardous chemicals and materials;

C. Failing to warn the plaintiff of the health hazards of EDC and/or other toxic or hazardous chemicals, materials and the plaintiff's work place;

D. Violating OSHA and DEQ regulations and/or other applicable State and Federal rules or regulations;

E. Failing to provide the plaintiff with adequate protective equipment or gear for use at or near the EDC cleanup operations;

F. Failing to ensure that the plaintiff were provided with reasonable monitoring;

G. Failing to provide the plaintiff with reasonable engineering controls;

H. Failing to warn the plaintiff of the nature and extent of their exposure to EDC;

I. Failing to provide the plaintiff with reasonable respiratory protection and other protective equipment to ensure safe exposure;

J. Failing to properly instruct and supervise the plaintiff concerning his exposure to EDC and cleanup of the chemical spill;

K. Failing to contain harmful and/or toxic fumes or vapors during the cleanup operation;

L. Failing to properly supervise and/or train employees in their respective clean up duties;

M. Attempting to clean a spill of this magnitude without the proper equipment, expertise, and/or knowledge;

N. Negligently contributing to the spread of the EDC; and

O. Other acts of negligence or gross negligence which may be proven at trial on the merits.

23.

Defendants, **P.I.M.**, **JAMES RAY DUPLECHAIN, DON SPANO, JR.**, and **CURTIS MOREHEAD** were negligent and/or grossly negligent within the meaning of Louisiana Civil Code Article 2315 in the following particulars:

A. Failing to store, handle, transport or cleanup EDC and/or other toxic or hazardous chemicals or materials in a reasonable and prudent manner;

B. Maintaining defective and/or inadequate storage, handling or transportation facilities which contained EDC and/or other toxic or hazardous chemicals and materials;

C. Failing to warn the plaintiff of the health hazards of EDC and/or other toxic or hazardous chemicals, materials and the plaintiff's work place;

D. Violating OSHA and DEQ regulations and/or other applicable State and Federal rules or regulations;

E. Failing to provide the plaintiff with adequate protective equipment or gear for use at or near the EDC cleanup operations;

F. Failing to ensure that the plaintiff was provided with reasonable monitoring;

G. Failing to provide the plaintiff with reasonable engineering controls;

H. Failing to warn the plaintiff of the nature and extent of their exposure to EDC;

I. Failing to provide the plaintiff with reasonable respiratory protection and other protective equipment to ensure safe exposure;

J. Failing to properly instruct and supervise the plaintiff concerning his exposure to EDC and cleanup of the chemical spill;

K. Failing to contain harmful and/or toxic fumes or vapors during the cleanup operation;

L. Failing to properly supervise and/or train employees in their respective clean up duties;

M. Attempting to clean a clean spill of this magnitude without the proper equipment, expertise, and/or knowledge;

N. Negligently contributing to the spread of the EDC; and

O. Other acts of negligence or gross negligence which may be proven at trial on the merits.

24.

Defendant, **DUPONT**, was negligent and/or grossly negligent within the meaning of Louisiana Civil Code Article 2315 in the following particulars:

A. Failing to store, handle, transport or cleanup EDC and/or other toxic or hazardous chemicals or materials in a reasonable and prudent manner;

B. Maintaining defective and/or inadequate storage, handling or transportation facilities which contained EDC and/or other toxic or hazardous chemicals and materials;

C. Failing to warn the plaintiff of the health hazards of EDC and/or other toxic or hazardous chemicals, materials and the plaintiff's work place;

D. Violating OSHA and DEQ regulations and/or other applicable State and Federal rules or regulations;

E. Failing to provide the plaintiff with adequate protective equipment or gear for use at or near the EDC cleanup operations;

F. Failing to ensure that the plaintiff was provided with reasonable monitoring;

G. Failing to provide the plaintiff with reasonable engineering controls;

H. Failing to warn the plaintiff of the nature and extent of their exposure to EDC;

I. Failing to provide the plaintiff with reasonable respiratory protection and other protective equipment to ensure safe exposure;

J. Failing to properly instruct and supervise the plaintiff concerning his exposure to EDC and cleanup of the chemical spill;

K. Failing to contain harmful and/or toxic fumes or vapors during the cleanup operation;

L. Failing to properly supervise and/or train employees in their respective clean up duties;

M. Failing to adequately monitor, supervise and conduct clean up operations;

N. Allowing the clean up to occur while knowing that dangerous conditions existed; and

O. Other acts of negligence or gross negligence which may be proven at trial on the merits.

25.

The above enumerated acts and omissions set forth hereinabove were not merely negligent, but grossly negligent and show a conscious indifference to the health and safety of the plaintiffs such that the defendants are guilty of willful, wanton and reckless disregard for public safety in the storage, handling, and/or transportation of EDC and/or other toxic/hazardous materials and which willful, wanton and reckless disregard is the proximate cause of the plaintiffs' injuries.

26.

Accordingly, in addition to general and special damages, each plaintiff is entitled to an award of exemplary damages against each defendant under Louisiana Civil Code Article 2315.3 in an amount to deter each defendant from such willful, wanton and reckless conduct in the future for its storage, handling and transportation of such hazardous materials.

27.

In addition to the above stated negligent acts and/or omissions, **CONOCO** is strictly liable unto the plaintiffs as the custodian of a defective thing. **CONOCO** was the custodian of the premises and pipeline upon which petitioner was required to work. Said unreasonably dangerous premises and pipeline were proximate causes and causes in fact of plaintiffs suffering injuries and therefore, **CONOCO** is liable for all damages plead herein.

28.

In addition to the above stated negligent acts and/or omissions, **VISTA** is strictly liable unto the plaintiffs as the custodian of a defective thing. **VISTA** was the owner of the EDC that was spilled, and therefore, had a duty to ensure that the EDC did not injure anyone. As such, **VISTA** was custodian of the EDC and is strictly

liable for injuries to the plaintiffs as a custodian of an unreasonably dangerous thing. In addition, **VISTA** had a duty to monitor the levels going through the pipeline and received via the pipeline and failed to heed its own production levels and information it received from others concerning the amount of EDC that was being spilled into the water, soil and air at the **CONOCO** docks.

29.

As a direct and proximate result of defendants' fault, as described hereinabove, the plaintiffs, **JIMMY STANLEY** and **NITA STANLEY**, individually and on behalf of their minor child, **JOSHUA STANLEY** show that they are entitled to damages (both compensatory and exemplary) from each defendant in an amount which the evidence may show proper at the time of trial.

30.

The plaintiffs herein specifically plead the doctrine of contra non valentem as the plaintiffs did not know and could not have known of the defendants' tortuous conduct and those injuries resulting therefrom. Defendants actively concealed the nature of the spill from the plaintiffs and the surrounding community.

31.

All defendants are jointly, severally and/or solidarily liable unto plaintiffs for all damages prayed for herein.

32.

The damages in this case far exceed the requisite amount to entitle the plaintiffs to a trial by jury, and accordingly, the plaintiffs request a jury trial in this matter.

**WHEREFORE**, considering the foregoing, the plaintiffs, **JIMMY STANLEY** and **NITA STANLEY**, individually and on behalf of their minor child, **JOSHUA STANLEY**, pray that the defendants, **CONOCO, INC.**, **CONDEA VISTA COMPANY,** (formerly known as Vista Chemical Company) **ALLWASTE ENVIRONMENTAL SERVICES OF LOUISIANA, INC.**, **PROFESSIONAL INDUSTRIAL MAINTENANCE, a Limited Liability Company and its Members who are JAMES RAY DUPLECHAIN, individually DON SPANO, JR., individually, and CURTIS MOREHEAD, individually, R. W. EQUIPMENT**

**COMPANY, INC., I.E. DUPONT de NEMOURS AND COMPANY** each be cite to appear and answer herein as the law directs and that judgment be rendered in favor of the plaintiffs and against each defendant, jointly, severally and in solido, for all damages as alleged in an amount which the evidence may show proper at the time of trial and midical monitoring, together with all costs of these proceedings as well as legal interest from the date of judicial demand until paid and for such relief, special and general as the law and equity may permit;

**PLAINTIFS FURTHER SPECIFICALLY PRAY** for exemplary damages against each and every defendant under Louisiana Civil Code Article 2315.3 in an amount deemed appropriate as to each defendant.

**PLAINTIFFS FURTHER PRAY** that this matter be tried by jury.

Respectfully Submitted:

**McKERNAN LAW FIRM**

Joseph J. McKernan, Bar Roll 10027
Gordon J. McKernan, Bar Roll 20768
Scott E. Brady, Bar Roll 24976
Jules R. Cattie, Bar Roll 24049
803 Bayou Pines West, Suite F
Lake Charles, Louisiana 70601
Telephone: (318) 433-3020
Facsimile: (318) 433-3911

**PLEASE SERVE:**

**CONOCO, INC.**
Through its agent for service
C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809

**CONDEA VISTA COMPANY (formerly VISTA CHEMICAL COMPANY)**
Through its agent for service
C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809

**ALLWASTE ENVRIONMENTAL SERVICES**
Through its agent for service
C. T. Coporation
8550 United Plaza Blvd.
Baton Rouge, Louisiana 70809

**PROFESSIONAL INDUSTRIAL MAINTENANCE**
Through its agent for service
C.Eston Singletary
1114 Ryan Street
Lake Charles, Louisiana 70601

**JAMES RAY DUPLECHAIN**
927 South Tamela Drive
Lake Charles, Louisiana 70605

**DON SPANO, JR.**
5013 Camp Street
Lake Charles, Louisiana 70605

**CURTIS MOREHEAD**
4504 Evergreen Street
Westlake, Louisiana 70669

**R. W. EQUIPMENT COMPANY, INC.**
through its agent for service
R. William Colling
3434 Common Street
Lake Charles, Louisiana 70605

**I.E. DUPONT de NEMOURS**
Through its agent for service of process:
C.T. Corporation
8550 United Plaza Boulevard
Baton Rouge, Louisiana 70809