| | |
|---|---|
| **JIMMY STANLEY and NITA STANLEY) individually and on behalf of their minor child, JOUSHA STANLEY )** | **14TH JUDICIAL DISTRICT COURT** |
| **VERSUS NO. 99-2578 )** | **PARISH OF CALCASIEU** |
| **CONOCO INC.,VISTA CHEMICAL COMPANY, ALLWASTE ENVIRONMENTAL SERVICES OF LOUISIANA, INC., PROFESSIONAL INDUSTRIAL MAINTENANCE, a Limited Liability Company and its Members who are JAMES RAY DUPLECHAIN, individually DON SPANO, JR., individually, and CURTIS MOREHEAD, individually, R.W. EQUIPMENT COMPANY, INC., and I.E. DUPONT de NEMOURS )** | **STATE OF LOUISIANA** |
| **DATE FILED:** 5-5-99 ) | **DEPUTY CLERK OF COURT** |

U.S. DISTRICT COURT WESTERN DISTRICT OF LOUISIANA FILED

JUL 28 2000

ROBERT H. SHEMWELL, CLERK BY DEPUTY

2-00cv721

PARTY # P1

**ANSWER TO PETITION FOR DAMAGES WITH AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, enters PROFESSIONAL INDUSTRIAL MAINTENANCE, L.L.C. ("Professional"), a limited liability company organized under the laws of the State of Louisiana who responds to plaintiffs' Petition for Damages. Professional denies each and every allegation of plaintiffs' Petition for Damages, except as expressly admitted hereinafter. Professional responds to the specific allegations of plaintiffs' Petition for Damages numerically as follows:

1.

Professional admits that it is a limited liability company organized and existing under the laws of the State of Louisiana. The remaining allegations of paragraph 1 are denied as they relate to Professional's agent for service of process. All remaining allegations of paragraph 1 are not directed at Professional, but, nonetheless, are denied for lack of sufficient information to justify a belief therein.

2.

Professional denies the allegations of paragraph 2 of plaintiffs' Petition for Damages as they constitute conclusions of law.

3.

The allegations of paragraph 3 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of

caution, the allegations of paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

Except to admit upon information and belief, that there was a spill of ethylene dichloride ("EDC") from a pipeline that ran between Conoco and Vista, the allegations of paragraph 4 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of paragraph 6 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of paragraph 7 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of paragraph 8 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of paragraph 9 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of

caution, the allegations of paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

Professional admits that it played a limited role in the clean up of the EDC spill at the Conoco docks by providing general menial labor to Conoco. The remaining allegations of paragraph 10 of plaintiffs' Petition for Damages are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of paragraph 11 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of paragraph 12 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

Professional admits that it had a written contract with Conoco to provide general menial labor to Conoco. The remaining allegations of paragraph 13 of plaintiffs' Petition for Damages are denied in regards to Professional Industrial Maintenance, L.L.C.

FURTHER ANSWERING, all other allegations of paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of paragraph 14 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

Professional denies the allegations of paragraph 15 of plaintiffs' Petition for Damages.

16.

Professional denies the allegations of paragraph 16 of plaintiffs' Petition for Damages as they constitute conclusions of law.

17.

Professional denies the allegations of paragraph 17 of plaintiffs' Petition for Damages as they constitutes conclusions of law.

18.

Professional denies the allegations of paragraph 18 of plaintiffs' Petition for Damages as they constitute conclusions of law.

19.

The allegations of paragraph 19 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations of paragraph 20 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of paragraph 21 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 21 are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of paragraph 22 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

All allegations of paragraph 23 of plaintiffs' Petition for Damages are denied.

24.

The allegations of paragraph 24 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

Professional denies the allegations of paragraph 25 as they constitute conclusions of law.

26.

Professional denies the allegations of paragraph 26 as they constitute conclusions of law.

27.

The allegations of paragraph 27 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 27 are denied for lack of sufficient information to justify a belief therein.

28.

The allegations of paragraph 28 of plaintiffs' Petition for Damages do not require an answer by Professional since they are not directed at Professional. Nonetheless, out of an abundance of caution, the allegations of paragraph 28 are denied for lack of sufficient information to justify a belief therein.

29.

Professional denies the allegations of paragraph 29 as they constitute conclusions of law.

30.

Professional denies the allegations of paragraph 30 as they constitute conclusions of law.

31.

Professional denies the allegations of paragraph 31 as they constitute conclusions of law.

32.

The allegations of paragraph 32 of plaintiffs' Petition for Damages do not require an answer by Professional since said allegations request a jury trial in this matter.

33.

AND NOW, FURTHER ANSWERING plaintiffs' Petition for Damages, Professional Industrial Maintenance, L.L.C. avers as follows:

34.

Plaintiffs' sole and exclusive remedy is pursuant to Louisiana's Workers' Compensation Law, and plaintiffs are precluded from recovering in tort against Professional.

35.

Professional Industrial Maintenance, L.L.C. denies any and all liability to plaintiffs, including, but not limited to, any solidary and/or joint and divisible liability with any of the other named defendants in the captioned matter.

36.

To the extent that any of the allegations contained in plaintiffs' Petition for Damages have not been answered, they are denied.

37.

Professional adopts by reference all separate defenses heretofore or hereinafter pled by all of the defendants, except such separate defenses as may make any allegation the fault, liability, or responsibility of Professional.

38.

The injuries and damages complained of, if any, were the sole and proximate result of superseding and intervening occurrences, acts, causes, negligence, or omissions of parties and/or persons for whom Professional has no responsibility, and to such extent, their fault is affirmatively alleged.

39.

Professional avers that the alleged incident or incidents forming the basis of plaintiffs' Petition for Damages were caused solely and proximately by the willful and intentional acts, and/or gross negligence, recklessness, and imprudence on the part of plaintiffs.

40.

Professional avers that the alleged incident or incidents forming the basis of plaintiffs' Petition for Damages were caused solely and proximately by the willful and intentional acts, and/or gross negligence, recklessness, and imprudence on the part of Vista, Conoco, Waste Management,

Well Safe, R. W. Equipment, Rust Industrial, and Allwaste.

41.

Professional avers that the claims of plaintiffs', if any, have prescribed pursuant to the one-year liberative prescription, applicable to tort claims , including, but not limited to, any claims for punitive and exemplary damages.

42.

In the alternative, Professional pleads that any injuries sustained occurred through the comparative/contributory fault of plaintiffs in failing to take adequate steps for their own safety and protection.

43.

Professional specifically pleads that plaintiffs assumed the risk of any injuries sustained, if any.

44.

Professional specifically reserves the right to plead the fraud of any and/or all plaintiffs as an affirmative defense to plaintiffs' claims for damages should discovery establish facts upon which to support such a defense.

45.

Professional specifically pleads that plaintiffs' have failed to reasonably mitigate their damages.

46.

Professional reserves the right to plead that any and/or all plaintiffs' received no injury arising out of the alleged exposure to EDC during the clean up of the EDC spill at the Conoco docks, in Westlake, Louisiana, and that plaintiffs are attempting to recover in this lawsuit for problems and conditions which preexisted any and/or all plaintiffs' alleged dates of exposure, such that any complaints plaintiffs have had since the dates of alleged exposure are related to those preexisting conditions and/or other prior and/or subsequent accidents.

47.

To the extent that Professional may be liable to plaintiffs, which is expressly denied, Professional pleads that it is entitled to a reduction of liability pursuant to La. C.C.P. art. 2324 and further that Professional's liability is reduced by that percentage of fault attributed to any other

defendants including, but not limited to, whether or not said defendants are released and/or dismissed, or settle, prior to a trial on the merits in the captioned matter.

48.

Professional avers that it has no liability pursuant to the provisions of La.R.S. 9:2800.3.

**WHEREFORE**, PROFESSIONAL INDUSTRIAL MAINTENANCE, L.L.C., prays that its answer be deemed good and sufficient, and after due proceedings had, there be judgment rejecting and dismissing plaintiffs' Petition for Damages with prejudice, at their costs, and that Professional Industrial Maintenance, L.L.C. be granted all general, equitable and such additional relief as the law, the evidence and equity may warrant, including reasonable attorney fees incurred in its defense and all expert fees, expenses and costs.

Respectfully submitted,

**THE GRAY LAW FIRM (APLC)**
**A Professional Law Corporation**

By: Wade Thomas Visconte
**A. J. GRAY, III (#6253)**
**WADE T. VISCONTE (#24734)**
Post Office Box 1467
Lake Charles, LA 70602-1467
(318) 494-0694 Telephone
(318) 494-0697 Facsimile
**Attorneys for Professional Industrial Maintenance, L.L.C.**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of the preceding Answer to Petition for Damages with Affirmative Defenses has been served on all counsel of record by placing same in the United States mail delivery, postage prepaid and properly addressed, on the 5th day of **MAY, 1999.**

Wade Thomas Visconte
WADE T. VISCONTE